to prohibit the sailing of any vessel * * * which had not been built, fitted out, etc., within the jurisdiction of the United States. * * * But it is sufficient to say that the word 'such' has an appropriate sense, and can be reasonably referred only to the ship or vessel previously spoken of; and such ship or vessel is not merely one built, fitted out, etc., but one built, fitted out, etc., in a port or place within the United States. The whole description must be taken together. If we were to adopt any other construction, we should read the words as if 'such' were struck out, and the clause stood, 'any ship or vessel.' Such a course would not be defensible in construing a penal statute."

I also dissent from the conclusion in the prevailing opinion that this statute is not a penal statute, but is a remedial one. So far as it prohibits the transfer by a corporation of its assets, that conclusion may be strictly correct; but so far as it imposes upon the directors or officers of a corporation, who make a transfer prohibited by the statute in question, a liability for any injury that is sustained by a creditor in consequence of the violation of the provision contained in that section, it seems to me that it is highly penal, making the officers and directors of the corporation liable, not for their own debts, but for the debts of the corporation, in consequence of an act which is prohibited by the statute. A liability imposed by such a statute is never extended by implication or construction.

I therefore dissent from the reversal of this judgment.

DOWLING, J., concurs.

---

(156 App. Div. 736.)

CÆSAR et al. v. BERNARD et al.

(Supreme Court, Appellate Division, First Department. May 9, 1913.)

CORPORATIONS (§ 545*)—INSOLVENCY—TRANSFERS—PREFERENCES — LIABILITY OF DIRECTORS.

The secretary of an insolvent corporation, who as director voted to authorize a mortgage of the assets of the corporation, and who as secretary executed the necessary papers, and who in his individual capacity benefited by the transaction by receiving a preferential payment, violated Stock Corporation Law (Consol. Laws 1909, c. 59) § 66, declaring that the directors of an insolvent corporation shall be liable for a preferential transfer of corporate assets.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2170–2175; Dec. Dig. § 545.*]

Ingraham, P. J., and Dowling, J., dissenting.

Appeal from Appellate Term, First Department.

Action by Henry A. Cæsar and another, copartners doing business under the firm name of H. A. Cæsar & Co., against Robert W. Bernard and others. From a determination of the Appellate Term (79 Misc. Rep. 224, 139 N. Y. Supp. 974), affirming an order granting the motion of defendant named for judgment on the pleadings, plaintiffs appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Henry L. Scheuerman, of New York City, for appellants.
John Elton Wayland, of New York City, for respondent.

LAUGHLIN, J.   The opinion on another appeal herein, wherein
the defendant Runyon is respondent (141 N. Y. Supp. 659), which is
to be decided herewith, is decisive in favor of the appellants on all
points save one.   The learned counsel for this respondent pointedly
contends that the statement of a cause of action against an officer
or director to enforce this personal liability requires an allegation
that he violated the statute, or was concerned in its violation, in his
capacity as an officer or director of the corporation.   That point is
sufficiently discussed in the opinion on the appeal in which William
M. Bernard is the respondent (141 N. Y. Supp. 669), and is there
decided adversely to this respondent.   He was a director, and as such
voted to authorize a mortgage, alleged to have been executed in vio-
lation of the statute, and as secretary of the corporation he executed
the necessary papers, and in his individual capacity he benefited by the
transaction by receiving a preferential payment.

It follows that the determination of the Appellate Term, and order
of the Special Term of the City Court, should be reversed, with
costs, and motion denied, with costs.

McLAUGHLIN and HOTCHKISS, JJ., concur.   INGRAHAM,
P. J., and DOWLING, J., dissent.