Henry L. Scheuerman, of New York City, for appellants.
John Elton Wayland, of New York City, for respondent.

LAUGHLIN, J. The opinion on another appeal herein, wherein the defendant Runyon is respondent (141 N. Y. Supp. 659), which is to be decided herewith, is decisive in favor of the appellants on all points save one. The learned counsel for this respondent pointedly contends that the statement of a cause of action against an officer or director to enforce this personal liability requires an allegation that he violated the statute, or was concerned in its violation, in his capacity as an officer or director of the corporation. That point is sufficiently discussed in the opinion on the appeal in which William M. Bernard is the respondent (141 N. Y. Supp. 669), and is there decided adversely to this respondent. He was a director, and as such voted to authorize a mortgage, alleged to have been executed in violation of the statute, and as secretary of the corporation he executed the necessary papers, and in his individual capacity he benefited by the transaction by receiving a preferential payment.

It follows that the determination of the Appellate Term, and order of the Special Term of the City Court, should be reversed, with costs, and motion denied, with costs.

McLAUGHLIN and HOTCHKISS, JJ., concur. INGRAHAM, P. J., and DOWLING, J., dissent.

---

CÆSAR et al. v. BERNARD et al.

(Supreme Court, Appellate Division, First Department. May 9, 1913.)

CORPORATIONS (§ 545*)—TRANSFERS—PREFERENCES—LIABILITY OF DIRECTORS.
   An officer of an insolvent corporation, who induced other officers to mortgage the assets of the corporation by signing a consent and assenting to the execution of the mortgage, and who through its execution received payment for a debt due him from the corporation was concerned in violating Stock Corporation Law (Consol. Laws 1909, c. 59) § 66, making the directors of an insolvent corporation liable for transferring its property to prefer particular creditors.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2170–2175; Dec. Dig. § 545.*]

   Ingraham, P. J., and Dowling, J., dissenting.

Appeal from Appellate Term, First Department.

Action by Henry A. Cæsar and another, copartners doing business under the firm name of H. A. Cæsar & Co., against Robert W. Bernard and others. From a determination of the Appellate Term (79 Misc. Rep. 224, 139 N. Y. Supp. 974), affirming an order of the Special Term granting the motion of defendant William M. Bernard for judgment on the pleadings, plaintiffs appeal, pursuant to leave granted by the Appellate Term. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Henry L. Scheuerman, of New York City, for appellants.

W. Cleveland Runyon, of New York City (Richard H. McIntyre, Jr., of New York City, on the brief), for respondent.

LAUGHLIN, J. The facts and points presented by this appeal are the same as those presented on the other appeal in this case (141 N. Y. Supp. 659), in which the defendant Runyon is the respondent, with the exception of those relating to *this* respondent's connection with the company, and his participation in the conveyance and .assignment of its property, and therefore the opinion on that appeal disposes of them in favor of the appellants. He was not a director, but was the treasurer of the company at the time a mortgage, alleged to have been given in violation of the statute, was executed. As a stockholder, he signed a consent to its execution, and it is alleged that he advised, ratified, approved, and assented to the execution of the mortgage, and that through its execution he received payment of a note of the corporation which he held for $2,500.

It is quite plain, I think, that, although he did not in his official capacity represent the corporation in the execution and delivery of the mortgage, and, therefore, did not as an officer of the corporation violate the statute, yet he was *concerned* in the disposition of the corporate property made thereby, for the words "be concerned in violating," as used in the statute, are equivalent to "participate" or "take part" in violating. See U. S. v. Scott (C. C.) 74 Fed. 213. I am of opinion that an officer may, without acting officially, violate the statute by inducing other officers to transfer assets of the corporation in violation of law to himself or to another, at least when, as here alleged, he is to and did derive a benefit therefrom.

The determination of the Appellate Term, and order of the Special Term of the City Court, should therefore be reversed, with costs, and motion denied with costs.

McLAUGHLIN and HOTCHKISS, JJ., concur. INGRAHAM, P. J., and DOWLING, J., dissent.